**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

LEWIS ERIC OWENS,

   Plaintiff,

   v.

STATE OF MARYLAND,

   Defendant.

Civil Action No.:  ELH-21-1611

**MEMORANDUM**

The self-represented plaintiff, Lewis Eric Owens, filed a motion for emergency injunctive relief on June 20, 2021.  ECF 1.  I have also construed the submission as a Complaint.  The court directed counsel for the Maryland Division of Correction, Department of Public Safety and Correctional Services, to show cause why injunctive relief should not be granted in plaintiff's favor.  ECF 2.  The Division of Correction ("DOC") filed a response on July 9, 2021 (ECF 3), along with an exhibit.  Owens filed a reply (ECF 5), along with a motion for summary judgment, on July 20, 2021.  ECF 4.

### I.    Owens's Allegations

On or about June 21, 2021, in the Circuit Court for Somerset County, Maryland, Owens was sentenced to 10 years of incarceration in case C-19-CR-21-000004.  ECF 1; *see* https://casesearch.courts.state.md.us/casesearch (last visited November 24, 2021).  He asserts that there is a contract on his life by gang members in the State of Maryland.  *Id.*  Owens claims that he is no longer affiliated with any white supremacist organizations, but he has a large swastika and lightning bolt tattoos "all over [his] body," which he is "unable to hide."  *Id.* at 1.  Moreover, Owens contends that he is an "open target" if a protective custody order is not issued, because

there are no active "Aryan" gangs in the Maryland corrections system. *Id.* At the time Owens filed the Complaint, he was confined at the Somerset County Detention Center. ECF 1-1. Since then, Owens has been transferred to DOC custody and is currently housed at Maryland Correctional Institution – Hagerstown. ECF 4 at 1; *see* http://www.dpscs.state.md.us/inmate/ (last visited November 24, 2021).

## II. Division of Correction Response

DOC Acting Deputy Commissioner J. Philip Morgan submitted an affidavit (ECF 3-1) in which he attests that, upon Owens's transfer from Somerset County Detention Center to DOC custody, Owens will be assigned to the Administrative Segregation Unit until an investigation is completed to determine his eligibility for the Protective Custody Unit. ECF 3-1 at ¶¶ 2-3, 5. While in administrative segregation, Owens will be housed and shower alone; he will be provided solitary recreation time; and he will eat his meals in his cell. *Id.* at ¶ 4. DOC further contends that because Owens was not in DOC custody at the time this case was initiated, there is no actual case or controversy at issue and therefore Owens lacks standing. ECF 3 at 4.

## III. Discussion

"An injunction is a drastic and extraordinary remedy, which should not be granted as a matter of course." *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 165 (2010), *see also SAS Institute, Inc. v. World Programming Lmtd*, 874 F.3d 370, 385 (4th Cir. 2017) (satisfying four-prong test is "a high bar, as it should be."). A party seeking a preliminary injunction or temporary restraining order must establish the following elements: (1) a likelihood of success on the merits; (2) a likelihood of suffering irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the party's favor; and (4) why the injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *The Real Truth About Obama,*

*Inc. v. Federal Election Comm'n*, 575 F.3d 342, 346–47 (4th Cir. 2009). As to irreparable harm, the movant must show the harm to be "neither remote nor speculative, but actual and imminent." *Direx Israel, Ltd. v. Breakthrough Medical Group,* 952 F.2d 802, 812 (4th Cir. 1991) (citation omitted). In the prison context, courts should grant preliminary injunctive relief involving the management of correctional institutions only under exceptional and compelling circumstances. *See Taylor v. Freeman*, 34 F.3d 266, 269 (4th Cir. 1994).

DOC contends that because Owens will be held in administrative segregation upon transfer to DOC custody, there is no basis for issuing an injunction. ECF 3 at 4. Moreover, the DOC contends that because Owens was not yet in DOC custody at the time of filing, there is no actual case or controversy at issue. *Id.*

Owens counters that administrative segregation only provides a temporary solution, with no certainty that he will be housed in protective custody. ECF 5 at 1. He argues that protective custody cannot be an investigative matter when a person fears for his life, and he notes that he was housed in the maximum-security pod at the Somerset County Detention Center based on the alleged threat against his life. *Id.* at 2. He also contends that administrative segregation is used to punish those seeking protective custody to coerce them to return to the general population. *Id.*

Owens has not shown a likelihood of success or that he is in danger of irreparable harm. To state a civil rights claim, a prisoner must allege that he sustained the deprivation of a right, privilege, or immunity secured by Constitution or federal law. *See Inmates v. Owens*, 561 F.2d 560, 563 (4th Cir. 1977). To demonstrate standing, "Plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *See Allen v. Wright*, 468 U.S. 737, 751 (1984) (abrogated on other grounds by *Lexmark Intern., Inc. v. Static Control Components, Inc.*, 134 S.Ct. 1377 (2014)). At the time of filing,

Owens was not in DOC custody and has not alleged any facts showing that he suffered any personal injury as a result of defendant's conduct.

Even to the extent Owens's allegations could be construed as a claim for failure to protect under the Eighth Amendment, he fails to show a likelihood of success.

> Prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners. Having incarcerated persons with demonstrated proclivities for antisocial, criminal, and often violent, conduct, having stripped them of virtually every means of self-protection and foreclosed their access to outside aid the government and its officials are not free to let the state of nature take its course. Prison conditions may be restrictive and even harsh, but gratuitously allowing the beating or rape of one prisoner by another serves no legitimate penological objective any more than it squares with evolving standards of decency. Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society.

*Farmer v. Brennan*, 511 U. S. 825, 833 (1994) (internal quotations and citations omitted).

In a failure to protect claim a prisoner must show first that the harm he suffered was objectively serious and second that prison officials acted with deliberate indifference. *Id*. at 834. Here, Owens fails to allege that he has suffered an objectively serious harm or that DOC acted with any deliberate indifference to Owens's allegations that he is in danger. Rather, Acting Deputy Commissioner Morgan attests that, upon Owens's transfer to DOC custody, Owens initially will be housed in administrative segregation pending evaluation for protective custody status.

Furthermore, Owens states only a possibility of harm should he be housed with the general population; he does not provide any facts showing that his risk of harm is "actual and imminent." *Direx Israel, Ltd.*, 952 F.2d at 812. "Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with [the Supreme Court's] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is

entitled to such relief." *Winter*, 555 U.S. at, 22 (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)).

Without more, Owens does not establish that he is at risk of irreparable harm. As such, Owens has not shown that he is entitled to injunctive relief. Moreover, as Owens's request for injunctive relief serves as his entire Complaint, the Complaint shall be dismissed, without prejudice. Accordingly, Owens's motion for summary judgment shall be denied, as moot.

A separate Order follows.


<u>November 30, 2021</u>                <u>/s/</u>
Date                                                            Ellen L. Hollander
                                                   United States District Judge